IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| ex rel. J.B. WASHUP | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 07 C 6208 |
| | ) | |
| DANIEL AUSTIN, Warden, | ) | |
| Pinckneyville Correctional Center, | ) | The Honorable |
| | ) | Charles R. Norgle, Sr. |
| Respondent. | ) | Judge Presiding. |

_____

## MOTION TO DISMISS

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and this Court's order of January 18, 2008, respondent DANIEL AUSTIN, Warden of the Pinckneyville Correctional Center, files this Motion to Dismiss the above-captioned Petition for Writ of Habeas Corpus, and states as follows:

1.  Petitioner, J.B. Washup, Sr., identified as prisoner No. B60369, is currently incarcerated at the Pinckneyville Correctional Center, where he is in the custody of respondent Daniel Austin, the Warden of that facility.

2.  Following a bench trial in the Circuit Court of Cook County, Illinois, petitioner was convicted of burglary and was sentenced to nine years' imprisonment. Exhibit A (Rule 23 Order, *People v. Washup*, No. 1-05-2202 (Ill.App. 2007)).

3. On direct appeal, petitioner raised one claim — the trial court erred in failing to conduct an initial inquiry into his pro se motion to reconsider sentence, which alleged that trial counsel was constitutionally ineffective. Exhibit B (Petitioner's Brief, *People v. Washup*, No. 1-05-2202). On March 27, 2007, the state appellate court affirmed. Exh. A.

4. On May 25, 2007, petitioner filed a pro se petition for leave to appeal (PLA) to the Illinois Supreme Court that raised the following claims:

    A.    petitioner's trial counsel was constitutionally ineffective;

    B.    the State did not prove him guilty beyond a reasonable doubt;

    C.    petitioner was not made aware of his right to remain silent, in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966);

    D.    petitioner's trial counsel failed to interview witnesses or present their testimony at trial; and

    E.    the eyewitness testimony and the physical evidence against petitioner was insufficient to support his conviction.

Exhibit C (PLA, *People v. Washup*, No. 104763). The Illinois Supreme Court denied petitioner's PLA on September 26, 2007. Exhibit D (Order, No. 104763 (Ill. 2007)).

5. The instant petition for a writ of habeas corpus was signed by petitioner on October 29, 2007, which is the earliest date on which petitioner could have mailed the petition from his correctional institution. Giving petitioner the benefit of the doubt, the petition was "filed" on that date, *see, e.g., Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999), and is therefore timely under 28 U.S.C. § 2244(d)(1). The petition raises the following claims:

    A.    petitioner's sentence is unconstitutional because the trial court required that he serve two years of mandatory supervised release in addition to his nine-year prison term;

    B.    petitioner's trial counsel was constitutionally ineffective;

    C.    petitioner was arrested without probable cause;

    D.    petitioner was illegally searched;

    E.    petitioner was not informed of his right against self-incrimination, in violation of *Miranda*;

    F.    petitioner's trial was unfair;

    G.    the State failed to prove petitioner guilty beyond a reasonable doubt because the State did not present key evidence at trial and the State's primary identification witness admitted that he did not see petitioner's face; and

    H.    the trial court improperly considered petitioner's decision not to testify and his prior criminal record in determining his guilt.

Pet. at 5-6.

    6.    The following materials are being filed with this Court as exhibits to this motion:

Exhibit A:    *People v. Washup*, No. No. 1-05-2202 (Ill.App. 2007);

Exhibit B:    Petitioner's Brief, *People v. Washup*, No. No. 1-05-2202;

Exhibit C:    Petitioner's PLA, *People v. Washup*, No. 104763; and

Exhibit D:    Order, No. 104763 (Ill. 2007).

Case 1:07-cv-06208 Document 16 Filed 03/12/2008 Page 4 of 9

7. On January 18, 2008, this Court ordered respondent to "answer or otherwise plead." (Doc. 9). That order, which is consistent with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, contemplates that petitioner may file a motion to dismiss. *See* Advisory Committee Notes to Rule 5, 2004 Amendments (Rule 4 permits the filing of pre-answer motions to dismiss, and "reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion.").

### The Instant Petition Contains Nonexhausted Claims

8. The federal habeas statute ordinarily demands that a petitioner exhaust available state court remedies before pursuing federal habeas relief. *See* 28 U.S.C. § 2254(b)(1); *see also, e.g., Woodford v. Ngo*, 126 S. Ct. 2378, 2386-87 (2006). A mixed petition, *i.e.*, a petition containing exhausted and unexhausted claims, is ordinarily dismissed without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982), modified slightly by *Rhines v. Weber*, 544 U.S. 269 (2005). A claim is exhausted for the purposes of the federal habeas statute when it is fully and fairly presented to the state courts or when it could not now be presented in state court. *Ngo*, 126 S. Ct. at 2386-87.

9. The following claims in the instant petition were not presented for a full round of review on direct appeal:

    A. petitioner's sentence is unconstitutional because the trial court required that he serve two years of mandatory supervised release in addition to his nine-year prison term;

    B. petitioner was arrested without probable cause;

      C.      petitioner was illegally searched;

      D.      petitioner's trial was unfair; and

      E.      the trial court improperly considered petitioner's decision not to testify and his prior criminal record in determining his guilt.

*See* Exh. B (petitioner's brief on direct appeal); Exh. C (petitioner's PLA).

    10.    Petitioner could still raise these claims in a postconviction petition in state court. *See* 725 ILCS 5/122-1, *et seq*. The Illinois postconviction statute provides a remedy for convictions obtained pursuant to a "substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a)(1). Petitioner has until June 26, 2008 under the statute to file a postconviction petition, as he is afforded six months to file from the expiration of time to file a certiorari petition, which, in the instant case, was December 26, 2007. *See* Exh. D (Order denying PLA); *see also* 725 ILCS 5/122-1(c) (petitioner has six months from the date for filing a certiorari petition to file a postconviction petition). Thus, the aforementioned claims are not exhausted because they have not been presented for a full round of review in state court, and they still could be raised in a collateral proceeding.

    11.    Since the petition contains one or more unexhausted claims, it is a mixed petition and should be dismissed without prejudice. *See Lundy*, 455 U.S. at 510.

## This Court Should Dismiss The Petition Without Prejudice Rather Than Staying The Proceedings

12.     Dismissal of a mixed petition is the norm; "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277.  Petitioner has not shown good cause for his failure to exhaust his claims.

13.     *Rhines* further explains that the purpose of stay and abeyance is to avoid the risk that timely yet unexhausted claims may become time-barred.  *Id.*, 544 U.S. at 277.  The concern expressed in *Rhines* – that the complete exhaustion rule may operate to deny a petitioner a federal forum for some of his claims – is not implicated in this case because petitioner has ample time prior to the end of the limitations period on his federal habeas petition to file a state postconviction petition, *see* 28 U.S.C. § 2244(d)(1)(A), and his properly filing a state postconviction petition will toll the limitations period on his federal habeas claims.  *See* 28 U.S.C. § 2244(d)(2).

## Conclusion

This Court should dismiss the instant petition without prejudice. If the Court determines that petitioner's habeas petition does not contain unexhausted claims, respondent respectfully requests 30 days from the Court's order denying this motion to address the merits and/or the procedural defaults of petitioner's claims in a subsequent submission.

March 12, 2008                          Respectfully submitted,

                                                                   LISA MADIGAN
                                                                   Attorney General of Illinois

                                      By:  s/Eric W. Truett
                                                ERIC W. TRUETT, Bar # 6291213
                                                Assistant Attorney General
                                                100 W. Randolph Street, 12th Floor
                                                Chicago, Illinois 60601-3218
                                                PHONE: (312) 814-4684
                                                FAX: (312) 814-2253
                                                E-MAIL: etruett@atg.state.il.us

CERTIFICATE OF SERVICE

      I hereby certify than on March 12, 2008, I electronically filed respondent's **MOTION TO DISMISS** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, and I hereby certify that on that same day, I mailed by United States Postal Service the above-referenced motion to the following non-registered party:

J.B. Washup, Sr.
No. B60369
Pinckneyville Correctional Center
P.O. Box 999
Pinckneyville, IL 62274

                              Respectfully submitted,

                              Lisa Madigan
                              Attorney General of Illinois

By:  s/Eric W. Truett
       Eric W. Truett, Bar # 6291213
       Assistant Attorney General
       100 W. Randolph Street, 12th Floor
       Chicago, Illinois 60601-3218
       PHONE: (312) 814-4684
       FAX: (312) 814-2253
       E-MAIL: etruett@atg.state.il.us