

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAR 1 2 2008

KC F I L E D

MAR 1 2 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| ex rel. J.B. WASHUP | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 07 C 6208 |
| | ) | |
| DANIEL AUSTIN, Warden, | ) | |
| Pinckneyville Correctional Center, | ) | The Honorable |
| | ) | Charles R. Norgle, Sr. |
| Respondent. | ) | Judge Presiding. |

## TO THE CLERK OF THE UNITED STATES DISTRICT COURT

The attached Exhibits to respondent's Motion to Dismiss are hereby filed with this Court:

Exhibit A:  *People v. Washup*, No. No. 1-05-2202 (Ill.App. 2007);

Exhibit B:  Petitioner's Brief, *People v. Washup*, No. No. 1-05-2202;

Exhibit C:  Petitioner's PLA, *People v. Washup*, No. 104763; and

Exhibit D:  Order, No. 104763 (Ill. 2007).

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

By:   ~~s/Eric W. Truett~~
ERIC W. TRUETT Bar # 6291213
Assistant Attorney General
100 W. Randolph St., 12th Floor
Chicago, Illinois 60601
PHONE: (312) 814-4684
FAX: (312) 814-2253
E-MAIL: etruett@atg.state.il.us

Dated: March 12, 2008

2

NOTICE
The text of this order may be
changed or corrected prior to the
time for filing of a Petition for
Rehearing or the disposition of
the same.

SECOND DIVISION
FILED: March 27, 2007

No. 1-05-2202

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| v. | ) | No. 04 CR 28433 |
| J.B. WASHUP, SR., | ) | Honorable Stanley Sacks, |
| Defendant-Appellant. | ) | Judge Presiding. |

O R D E R

Following a bench trial, defendant J.B. Washup, Sr. was convicted of burglary and sentenced to nine years' imprisonment. On appeal, he solely contends that the trial court erred in failing to inquire into his posttrial allegation of ineffective assistance of trial counsel.

The evidence adduced at trial showed that on November 9, 2004, Robert Foreman owned a used furniture and appliance store, which was located on the first floor of the two-flat building at 5253 South Halsted Street in Chicago. Foreman testified that he closed his store at 3 p.m. on November 8, 2004, and when the police summoned him to his store the next morning, he observed a hole in the front of it that had not been there the previous day.

EXHIBIT A

1-05-2202

Foreman stated that he had seen defendant around his neighborhood before, but that he had not given him permission to enter the store.

Foreman later went to the police station where he identified a television set recovered by police as one from his store.  When he returned to his store, he discovered that this television set was missing.

Freddy Davis testified that he lived in the second floor apartment at 5253 South Halsted.  About 1 a.m. on the morning in question, he was awakened by his wife.  When he looked out the front window of his apartment, he saw a male African-American, who was dressed in a green camouflage army jacket, dark pants and white gym shoes, coming out of the downstairs store through a hole in the wall.

Davis called the police, and then returned to the window where he saw an individual resembling the person he had seen coming out of the building earlier.  This man was pushing a shopping cart with an item inside of it northbound on Halsted.  When police arrived, Davis described his observations to them.

The police later returned to his apartment with defendant who was wearing dark pants, a T-shirt, and white gym shoes.  Davis informed police that, based on his physical features and

- 2 -

1-05-2202

his clothing, defendant looked like the man he had seen coming
out of the store. He also identified the camouflage jacket,
which was in the trunk of the police vehicle, as the jacket that
the individual had been wearing when he was coming out of the
store.

Officer Reginald Sims testified that on the morning in
question, he responded to a burglary call at the Halsted Street
location. After receiving a description of the individual who
had broken into the property from Davis, he toured the area and
found defendant sitting on a porch at 820 West 51st Place, three
blocks from the store. Defendant was wearing dark clothing, he
had a green army jacket on his lap, and there was a shopping cart
containing a television set five feet away from him. After
Officer Sims questioned defendant about the television, defendant
admitted that he had broken into the property at 5253 South
Halsted Street. A search of defendant revealed three
screwdrivers containing bits of wood.

The parties then stipulated that if called, Officer McGough,
a deputy sheriff with the Cook County Sheriff's Department, would
testify that on November 10, 2004, defendant arrived at the jail
and that he inventoried defendant's personal belongings, which
included a black cap, two black jackets, a brown belt, a gray

1-05-2202

sweater, a pair of black trousers, and one black shirt.

Following the arguments of counsel, the court found
defendant guilty of burglary. In doing so, the court noted that
the evidence was circumstantial, but sufficient to prove
defendant guilty beyond a reasonable doubt. The court noted that
defendant was found three blocks from where the burglary
occurred; and when he was found, he had an army jacket on his lap
which matched the description of the jacket that Davis had seen,
and three screwdrivers containing bits of wood, which were
similar to the entry hole created by the missing wood peeled away
from the store.

At sentencing, defendant waived a presentence investigation
report when his counsel and the State agreed to a sentence of
nine years' imprisonment, and the court imposed that term. On
June 24, 2005, defendant mailed a timely pro se motion for
reduction of sentence to the court, alleging that there is a
"litany of substantial extenuating circumstances that surround"
his cause and that his sentence should be reduced because:

> "There wasn't enough evidence; I wasn't
> read my Miranda, which violated my 5th
> Admendment [sic] Constitution [sic] right;
> there was insufficient evidence in my case.

1-05-2202

> There wasn't enough evidence to convict
> me. I wasn't read my Miranda upon arrest
> which violated my 5th Admendment [*sic*]
> constitution [*sic*] right. There was
> insufficient evidence in my case. There were
> [*sic*] inadequate deffense [*sic*] from
> counsel."

The court set defendant's motion for a hearing on July 8, 2005. On that date, the court denied the motion and placed the case off call.

In this appeal from that order, defendant solely contends that the trial court erred in failing to conduct an inquiry into his allegations of ineffective assistance of counsel and requests that his cause be remanded for an inquiry into his allegations, pursuant to People v. Krankel, 102 Ill. 2d 181 (1984). The State responds that because defendant's motion contained only a bare allegation of ineffective assistance without any specific facts to support his claim, the trial court was not required to conduct a preliminary inquiry. We review the question posed by the challenge to the trial court's ruling de novo. People v. Moore, 207 Ill. 2d 68, 75 (2003).

In Krankel, the supreme court remanded the cause for a

1-05-2202

hearing on defendant's pro se posttrial motion alleging
ineffective assistance because the trial court failed to appoint
new counsel to represent defendant on the motion. Krankel, 102
Ill. 2d at 187-89. Following Krankel, the supreme court held
that the appointment of new counsel is not automatically required
when defendant presents such a motion; but rather, the trial
court must first conduct an inquiry into the factual basis for
defendant's claim. Moore, 207 Ill. 2d at 77-78. Defendant,
however, must meet minimum requirements to trigger this
preliminary inquiry. People v. Ward, No. 1-04-1852, slip op. at
72 (February 2, 2007).

A trial court generally cannot consider pro se motions filed
by a criminal defendant while he is represented by counsel,
except when he raises claims of ineffective counsel that include
supporting facts and specific claims. People v. Milton, 354 Ill.
App. 3d 283, 292 (2004). Where defendant only supplies bald and
ambiguous allegations that counsel rendered inadequate
representation, he has not effectively raised a claim of
ineffective assistance of counsel, and the trial court has no
obligation to consider it. Ward, No. 1-04-1852, slip op. at 73-
74 (and cases cited therein).

In this case, defendant asserted, inter alia, that there was

- 6 -

1-05-2202

a "litany of substantial extenuating circumstances" surrounding
his case, and that there was inadequate defense from counsel.
These bald assertions, unsupported by specific facts, are
insufficient to raise an issue of ineffective assistance of
counsel for the court to consider. Ward, No. 1-04-1852, slip op.
at 77; People v. Radford, 359 Ill. App. 3d 411, 416-17 (2005)
(allegations that if a witness was called and "my lawyer did a
halfway good job that I would be at home with my family" were
insufficient to make an adequate claim of ineffective
assistance); People v. Rucker, 346 Ill. App. 3d 873, 883 (2003)
(allegation that defendant "had inadequate representation by
counsel" and "the facts were not sufficient to support the
finding of guilt" failed to raise claim of ineffective
assistance).  Defendant's allegations are indistinguishable from
those found wanting in the above-cited cases, and we likewise
conclude that the trial court did not err in failing to conduct a
preliminary inquiry into defendant's complaint.  Ward, No. 1-04-
1852, slip op. at 74-77; Radford, 359 Ill. App. 3d at 416-17;
Rucker, 346 Ill. App. 3d at 883.

     In reaching this conclusion, we find the cases relied upon
by defendant distinguishable.  In People v. Gilmore, 356 Ill.
App. 3d 1023 (2005), and People v. Whirl, 351 Ill. App. 3d 464

- 7 -

1-05-2202

(2004), remand for further inquiry was required because both defendants' pro se motions included specific allegations asserting ineffective assistance. Gilmore, 356 Ill. App. 3d at 1030, 1037; Whirl, 351 Ill. App. 3d at 468-69. Here, unlike Gilmore and Whirl, we have determined that remand is not required because defendant's pro se motion did not include any specific claims, but only bare allegations of ineffective assistance.

We further find that defendant's reliance on People v. Robinson, 157 Ill. 2d 68 (1993), and People v. Sanchez, 329 Ill. App. 3d 59 (2002), is misplaced. In Robinson, defendant filed a pro se posttrial motion where he raised the issue of ineffective assistance, and the trial court refused to allow defendant to specify his complaints and present supporting evidence and documentation. Robinson, 157 Ill. 2d at 85-86. The issue in Robinson was whether the trial court improperly denied defendant's motion "without making a preliminary inquiry into his claims." Robinson, 157 Ill. 2d at 86. Here, the issue was whether defendant's motion was sufficient to constitute an exception to the general rule that a defendant represented by counsel has no authority to file pro se motions. We have determined that it was not, and that our conclusion is not changed by Robinson. Rucker, 346 Ill. App. 3d at 884-85.

1-05-2202

In <u>Sanchez</u>, an inquiry was warranted when defendant told the court that his attorney did not investigate his case, did not confer with him and failed to interview witnesses, and the court was aware that defense counsel faced prosecution from the State. <u>Sanchez</u>, 329 Ill. App. 3d at 66-67.  No similar circumstances are evident here, and we find no cause to depart from our conclusion that defendant failed to effectively raise a claim of ineffective assistance for the trial court to consider.  <u>Rucker</u>, 346 Ill. App. 3d at 883.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

HOFFMAN, J., with WOLFSON, P.J., and HALL, J., concurring.

No. 1-05-2202

*Clerk LV*

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,** | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| -vs- | ) | No. 04 CR 28433. |
| | ) | |
| **J.B. WASHUP, SR.,** | ) | Honorable |
| | ) | Stanley J. Sacks, |
| Defendant-Appellant. | ) | Judge Presiding. |

BRIEF AND ARGUMENT FOR DEFENDANT-APPELLANT

MICHAEL J. PELLETIER
Deputy Defender

*FILED
APPELLATE COURT 1st DIST.
JUL 27 2006
STEVEN M. RAVID
CLERK*

THERESE BISSELL
Assistant Appellate Defender
Office of the State Appellate Defender
203 North LaSalle Street - 24th Floor
Chicago, Illinois 60601
(312) 814-5472

COUNSEL FOR DEFENDANT-APPELLANT

**ORAL ARGUMENT REQUESTED**

EXHIBIT B

## POINTS AND AUTHORITIES                                    Page

**THE TRIAL COURT ERRED IN FAILING TO CONDUCT AN INITIAL INQUIRY INTO J.B WASHUP'S COMPLAINT IN HIS *PRO SE* MOTION TO RECONSIDER SENTENCE THAT HE RECEIVED INADEQUATE DEFENSE FROM HIS TRIAL COUNSEL, THUS THIS CAUSE MUST BE REMANDED FOR AN INQUIRY INTO WASHUP'S ALLEGATION....................    9**

*People v. Krankel*, 102 Ill.2d 181, 464 N.E.2d 1045 (1984)...............    9, 10, 14

*People v. Robinson*, 157 Ill.2d 68, 623 N.E.2d 352 (1993)................    9, 10, 12

*People v. Moore*, 207 Ill.2d 68, 797 N.E.2d 631 (2003)...................    9, 10, 14

*People v. Smith*, 191 Ill.2d 408, 732 N.E.2d 513 (2000).......................    9

*People v. Wiley*, 205 Ill.2d 212, 792 N.E.2d 1274 (2001)......................    9

*People v. Orange*, 168 Ill.2d 138, 659 N.E.2d 935 (1995)......................    9

*People v. Baker*, 92 Ill.2d 85, 440 N.E.2d 856 (1982)..........................    9

*People v. Sanchez*, 329 Ill. App. 3d 59, 768 N.E.2d 99 (1st Dist. 2002).......    10, 12, 13

*People v. Nitz*, 143 Ill.2d 82, 572 N.E.2d 895 (1991)..........................    10

*People v. Johnson*, 159 Ill.2d 97, 636 N.E.2d 485 (1994).......................    11

*People v. Gilmore*, 356 Ill. App. 3d 1023, 828 N.E.2d 293 (2d Dist. 2005).......    11, 14

*People v. Whirl*, 351 Ill. App. 3d 464, 814 N.E.2d 872 (2d Dist. 2004)..........    11, 14

*People v. Parsons*, 222 Ill. App. 3d 823, 584 N.E.2d 442 (1st Dist. 1991)...........    11

*People v. Chapman*, 194 Ill.2d 186, 743 N.E.2d 48 (2000).....................    11

*People v. Mendez*, 336 Ill. App. 3d 935, 784 N.E.2d 425 (3d Dist. 2003)...........    13

*People v. Kellerman*, 342 Ill. App. 3d 1019, 804 N.E.2d 1067 (3d Dist. 2003).......    13

## NATURE OF THE CASE

J.B. Washup, Sr. was convicted of burglary after a bench trial and was sentenced to 9 years in prison.

This is a direct appeal from the judgment of the court below. No issue is raised challenging the charging instrument.

## ISSUE PRESENTED FOR REVIEW

Whether the trial court erred in failing to conduct an initial inquiry into J.B. Washup's complaint in his *pro se* motion to reconsider sentence that he received inadequate defense from his trial counsel, and thus whether this cause must be remanded for an inquiry into Washup's allegation?

## JURISDICTION

J.B. Washup, Sr. appeals from a final judgment of conviction in a criminal case. He was sentenced on May 26, 2005. (C. 25) Late notice of appeal was allowed on December 28, 2005. (C. 30) Jurisdiction therefore lies in this Court pursuant to Article VI, Section 6, of the Illinois Constitution, and Supreme Court Rules 603 and 606.

## STATEMENT OF FACTS

J.B. Washup was charged with one count of burglary and one count of possession of burglary tools after an incident involving a missing television on November 9, 2004. (C. 9-10) Following a bench trial, the court found Washup guilty of burglary. (R. F71) Washup waived his right to a pre-sentence investigation and defense counsel and the State agreed to a 9-year sentence. (R. F72-73) The court then sentenced Washup to 9 years' imprisonment. (R. F78)

Three witnesses testified for the State at trial: store owner Robert Foreman, Freddy Davis, who lived above the store, and Officer Reginald Sims. (R. F6-53) The defense presented a stipulation of Officer McGough who processed Washup at the Cook County Jail. (R. F53-54)

Robert Foreman owned the building at 5253 South Halsted, a two-flat with a store on the first floor and an apartment upstairs. (R. F7, F22) Foreman lived around the corner and ran a used furniture and appliance store out of the first floor. (R. F8) On November 8, 2004, Foreman closed the store at approximately 3:00 p.m. (R. F8)

In the early morning hours of November 9, 2004, police summoned Foreman to his property at 5253 South Halsted. (R. F9) When Foreman arrived at his store, he saw that there was a hole in the front of the store that was not there when he left the previous afternoon. (R. F11-12) The hole was through wood that covered part of the front of the store. (R. F11) Foreman did not go inside the store to see if anything was missing at that time. (R. F13)

Foreman did not know Washup, but had seen him around the neighborhood. (R. F12) Foreman had not given Washup permission to enter his store. (R. F13)

Freddy Davis lived with his wife on the second floor of 5253 South Halsted. (R. F22)

-4-

Davis' wife awoke him in the early morning hours of November 9, 2004. (R. F23) Davis looked out the window and saw a body crawling out of Foreman's store below through a hole in the wall. (R. F23-24) Davis looked down and could see that the person had on a green camouflage army jacket, dark pants, and white gym shoes. (R. F24) Davis could tell that the person was a male and African-American, but never saw the person's face. (R. F31, F33)

Davis went to his bedroom and called the police, losing sight of the person for about one minute. (R. F26) Davis returned to the window and saw someone resembling the person he had seen crawling out of the store, pushing a shopping cart heading northbound on Halsted. (R. F26-27) The shopping cart had something in it, but Davis could not see what the item was because the cart was across the street. (R. F27)

Officer Reginald Sims arrived approximately 7 to 8 minutes later, responding to a call over the radio of a burglary involving a missing television. (R. F27, F47) Davis described to Officer Sims the person he saw crawling out of the store. (R. F27, F41) The police then left and searched for a person with a camouflage army jacket and black pants. (R. F42)

After searching the area for about 4 minutes, Officer Sims saw a man, identified as Washup, sitting on the porch in front of 820 West 51st Place, about three blocks away from 5253 South Halsted. (R. F42-43, F45) Washup had on dark clothing with a green army jacket on his lap. (R. F43) About 5 feet away from Washup, there was a shopping cart with a television inside. (R. F43) According to Officer Sims, after questioning Washup about the television in the shopping cart, Washup admitted that he got the television by breaking into the property at 5253 South Halsted. (R. F43, F50)

Officer Sims searched Washup's person and recovered from him three screwdrivers

-5-

which contained bits of wood. (R. F44) Officer Sims then placed Washup in the police car and took him back to 5253 South Halsted, returning about 10 minutes after the officer's initial arrival at the scene. (R. F28, F44) Davis looked at Washup inside the police vehicle and informed police that he looked like the man he saw crawling out of the store based on his physical features. (R. F28, F37-38) Davis identified the army jacket, which was in the trunk of the police vehicle, as the same jacket the person coming out of the store was wearing at the time. (R. F29) A television was also in the trunk of the police car. (R. F29)

Later, at the police station, police showed Foreman the television recovered from the shopping cart. (R. F14, F44) Foreman recognized the television as coming from the window of his store and testified that the television was in the store when he locked up on November 8, 2004. (R. F14) According to Foreman, he did label items from his store, but there were no markings or labels on the television. (R. F17-18) Foreman explained that the television was not being sold, but was for his own personal use at the store. (R. F20) Subsequently, Foreman returned to his store and saw that the television was missing. (R. F21)

The defense presented the stipulation of Officer McGough who worked at the Cook County Jail. (R. F53) On November 10, 2004, Officer McGough processed and inventoried the items Washup wore on that date. (R. F53) According to Officer McGough, he inventoried a black cap, two black jackets, one brown belt, one gray sweater, one pair of black trousers, and one black shirt. (R. F54)

The trial court found Washup guilty of burglary. (R. F71) The court reasoned that Davis saw a man with an army jacket crawling out of a hole in wood covering the store and then pushing a shopping car with something in it, and less than fifteen minutes later police found

-6-

Washup in the vicinity of a cart with Foreman's television inside. (R. F66-71) Even putting

aside Washup's statement to police admitting to the burglary, the court noted that Washup was

found with the shopping cart, television, army jacket, and three screwdrivers with wood on them.

(R. F66-71) While noting that the State's case was based on circumstantial evidence, the court

reasoned that the evidence was sufficient to prove Washup guilty beyond a reasonable doubt. (R.

F71)

The court explained Washup's right to have a pre-sentence investigation report prepared

and that he could give up that right if his lawyer and the State agreed to a sentence. (R. F72)

Defense counsel and the State then agreed to a 9-year sentence and Washup waived his right to

the pre-sentence investigation. (R. F73, F78) The State informed the court of Washup's prior

convictions: unlawful use of a weapon in 1983, criminal sexual abuse in 1987, manufacturing

and delivering a controlled substance in 1990, burglary in 1994, home invasion and armed

robbery in 1996, and theft in 2003. (R. F73-76) On May 26, 2005, the court sentenced Washup

to the agreed-upon 9 years' imprisonment and informed him of his right to an appeal, stating:

> Mr. Washup, even though you have been found guilty you have a
> right to appeal the finding of guilty in this case on the charge of
> burglary as long as you do so within 30 days of today's date. If you
> cannot afford a lawyer or copy of the transcript of the trial I'll supply
> those to you free. Do you understand me?

WASHUP:     Yes.

COURT:      As far as the sentence, you agreed upon the sentence you cannot
            appeal the sentence in this case. You can appeal the finding of guilty

-7-

and sentence by me, do you understand that?

WASHUP:    Yes.

(R. F78-79)

Washup filed a timely *pro se* motion for reduction of sentence, dated and mailed on June 24, 2005. (Supp. C. 3-9) Washup's *pro se* motion stated:

The defendant requests that the Court review the sentence imposed because there exists a litany of substantial extenuating circumstances that surround the above captioned cause. The defendant further states the following in support of his motion . . . :

There wasn't enough evidence; I wasn't read my Miranda, which violated my 5th admendment [sic] constitution right [sic]; there was insufficient evidence in my case.

There wasn't enough evidene [sic] to convict me. I wasn't read my Miranda upon arrest which violated my 5th admendment [sic] constitution [sic] right. There was insufficient evidence in my case. There were [sic] inadequate deffense [sic] from counsel.

(Supp. C. 5-6) The trial court denied the motion off call without any hearing. (Supp. C. 2) This appeal now follows.

-8-

## ARGUMENT

### THE TRIAL COURT ERRED IN FAILING TO CONDUCT AN INITIAL INQUIRY INTO J.B WASHUP'S COMPLAINT IN HIS *PRO SE* MOTION TO RECONSIDER SENTENCE THAT HE RECEIVED INADEQUATE DEFENSE FROM HIS TRIAL COUNSEL, THUS THIS CAUSE MUST BE REMANDED FOR AN INQUIRY INTO WASHUP'S ALLEGATIONS.

In his *pro se* motion for reduction of sentence, J.B. Washup complained of inadequate defense from counsel, as well as insufficient evidence for a conviction and a denial of other rights at trial. (Supp. C. 5-6)  The trial court denied the motion off call, without any inquiry into Washup's allegations. (Supp. C. 2)  In failing, at a minimum, to inquire into Washup's allegations that his trial counsel was inadequate, the trial judge failed to comply with the procedures set forth in *People v. Krankel*, 102 Ill.2d 181, 464 N.E.2d 1045 (1984) and *People v. Robinson*, 157 Ill.2d 68, 623 N.E.2d 352 (1993).  Accordingly, this cause should be remanded for an inquiry into Washup's allegations.

The issue of whether the trial court should have inquired into Washup's complaints and conducted a preliminary investigation into his claim is a question of law.  Thus, the appropriate standard of review in the present case is *de novo* review.  *See People v. Moore*, 207 Ill.2d 68, 75, 797 N.E.2d 631 (2003); *People v. Smith*, 191 Ill.2d 408, 411, 732 N.E.2d 513 (2000).

A defendant is entitled to the effective assistance of counsel not only during trial, but also at sentencing.  *See People v. Wiley*, 205 Ill.2d 212, 792 N.E.2d 1274 (2001); *People v. Orange*, 168 Ill.2d 138, 659 N.E.2d 935 (1995); *See also People v. Baker*, 92 Ill.2d 85, 440 N.E.2d 856 (1982) (explaining right to counsel at sentencing).  When a defendant complains about his attorney's performance at the conclusion of trial, independent counsel must be appointed or

-9-

obtained to represent the defendant. *People v. Krankel*, 102 Ill.2d at 189. In *Krankel*, the defendant filed a *pro se* post-trial motion alleging ineffective assistance of counsel based on defense counsel's failure to contact alibi witnesses and to present an alibi defense. *Id.* at 188-89. The trial court refused to appoint a new attorney to represent the defendant on his ineffective assistance claim, but allowed the defendant to personally argue his motion. *Id.* at 188. The parties agreed that the defendant should have had counsel other than his trial counsel to represent him at the post-trial hearing on his claim of ineffective assistance. *Id.* at 189. The Illinois Supreme Court remanded the matter for the appointment of new counsel and a hearing on the defendant's motion. *Id.*

Subsequent case law interpreting *Krankel* clarified that while representation by independent counsel is not necessary in every instance in which a defendant expresses dissatisfaction with trial counsel, when a defendant does so, the trial court must conduct a preliminary investigation into the matter, examining the factual basis of the defendant's claim. *People v. Moore*, 207 Ill.2d 68, 77-78, 797 N.E.2d 631 (2003); *People v. Robinson*, 157 Ill.2d at 68; *People v. Sanchez*, 329 Ill. App. 3d 59, 66-67, 768 N.E.2d 99 (1st Dist. 2002). If the court determines that the charge lacks substance or pertains only to matters of trial tactics or strategy, the court need not appoint new counsel. However, if an examination reveals possible neglect of the case or that defendant's claim has potential merit, new counsel should be appointed or obtained to undertake an independent evaluation of the claim and present the matter to the court from a detached, yet adversarial, position. *People v. Nitz*, 143 Ill.2d 82, 134-35, 572 N.E.2d 895 (1991); *Robinson*, 157 Ill.2d at 78-80; *Sanchez*, 329 Ill. App. 3d at 66-67.

Here, the operative concern is whether the trial court conducted an adequate inquiry into

-10-

Washup's allegations. *People v. Johnson*, 159 Ill.2d 97, 125, 636 N.E.2d 485 (1994). During

the evaluation of the defendant's claims, some interchange between the trial court and defense

counsel regarding the facts and circumstances surrounding the defendant's claims should occur.

*See e.g., People v. Gilmore*, 356 Ill. App. 3d 1023, 1036-37, 828 N.E.2d 293 (2d Dist. 2005)

(remanding the case where trial court failed to conduct "at least a brief inquiry" into the

defendant's allegations of ineffectiveness); *People v. Whirl*, 351 Ill. App. 3d 464, 469, 814

N.E.2d 872 (2d Dist. 2004) (finding that "[s]ome interchange between the court and trial counsel

is usually necessary, but the court may also base its decision on a discussion with the defendant

and its own knowledge of counsel's performance at trial."); *People v. Parsons*, 222 Ill. App. 3d

823, 830, 584 N.E.2d 442 (1st Dist. 1991) (explaining that "there should be some interchange

between the trial court and the defendant's trial counsel to explain complained-of possible

neglect"). In some circumstances, a brief discussion between the trial court and the defendant

may be sufficient. *See People v. Chapman*, 194 Ill.2d 186, 228-29, 743 N.E.2d 48 (2000).

In the present case, Washup filed a timely *pro se* motion, labeled motion for reduction of

sentence. (Supp. C. 4-9) Washup's motion stated:

The defendant requests that the Court review the sentence imposed because

there exists a litany of substantial extenuating circumstances that surround the above

captioned cause. The defendant further states the following in support of his motion

. . . :

There wasn't enough evidence; I wasn't read my Miranda, which violated my

5th admendment [sic] constitution right [sic]; there was insufficient evidence in my

case.

-11-

> There wasn't enough evidene [sic] to convict me. I wasn't read my Miranda
> upon arrest which violated my 5th admendment [sic] constitution [sic] right. There
> was insufficient evidence in my case. There were [sic] inadequate deffense [sic]
> from counsel.

(Supp. C. 5-6) Without any type of hearing, the trial court denied the motion off call, informing
Washup by mail that his motion was denied. (Supp. C. 2)

As the motion was denied off call, the trial judge failed to inquire into Washup's
complaints and failed to ask either defense counsel or Washup any questions necessary to
determine whether he had a valid claim of ineffective assistance of counsel necessitating
appointment of new counsel. The fact that Washup filed a *pro se* motion asking for a reduction
of sentence and alleging inadequate defense from counsel, required the court to conduct a
preliminary investigation into the matter. *See Robinson*, 157 Ill.2d at 80 (concluding that the trial
judge should have afforded the defendant the opportunity to specify and support his complaints
and the defendant's motion was prematurely denied); *See also People v. Sanchez*, 329 Ill. App.
3d 59, 66-67, 768 N.E.2d 99 (1st Dist. 2002) (holding that the trial court must allow defendants
the opportunity to specify and support their complaints, and may not "precipitously and
prematurely" deny a motion for new trial).

Washup's *pro se* motion, combined with the circumstances surrounding his sentencing
hearing, suggests that there was additional evidence relevant to sentencing and his trial counsel's
representation that Washup wanted the court to consider. Washup's *pro se* motion included
claims that the court must review his sentence "because there exists a litany of substantial
extenuating circumstances" regarding his case as well as insufficient evidence and inadequate

-12-

defense. (Supp. C. 5-6) As the State and defense counsel agreed to the 9-year sentence, there was no pre-sentence investigation. Washup's defense counsel informed the court that she did not know how to order a pre-sentence investigation report for someone like Washup, who was in the Illinois Department of Corrections, so the defense and State agreed to the sentence without any pre-sentence investigation report. (R. F72-73) While the State informed the court of Washup's prior criminal convictions, he did not have the benefit of the pre-sentence investigation report's examination of his social and family background, his medical history, or his employment history. (R. F72-76) Thus, as Washup's motion included a claim of inadequate defense and specifically alleged the existence of evidence which would have mitigated his sentence, the court should have, at a minimum, inquired into his claim and given Washup the opportunity to specify and provide support for his allegation. *Sanchez*, 329 Ill. App. 3d at 66-67.

The error was compounded because the trial judge, incorrectly, told Washup that, because the State and his attorney had agreed to the sentence, he could not appeal it. (R. F78-79) If in fact defense counsel's representation was ineffective, Washup was not precluded from challenging his sentence on that basis, even if the record shows that the sentence was agreed to. *See People v. Mendez*, 336 Ill. App. 3d 935, 784 N.E.2d 425 (3d Dist. 2003) (explaining that a defendant who enters a negotiated guilty plea may still file a subsequent challenge to that plea based on a claim of ineffective assistance of counsel); *See also People v. Kellerman*, 342 Ill. App. 3d 1019, 804 N.E.2d 1067 (3d Dist. 2003). Thus, in the current case, the trial court should not have summarily dismissed Washup's *pro se* motion to reconsider sentence without at least some inquiry into the basis for his claim that a "litany of substantial extenuating circumstances" existed that would have mitigated his sentence. (Supp. C. 5-6)

-13-

Washup's *pro se* motion for reduction of sentence, which included an allegation of inadequate defense from counsel, required the trial court to inquire into the basis for his claim. The trial court never asked Washup or defense counsel about the allegation of inadequate defense. However, the trial court has a duty to examine claims of ineffective assistance of counsel made by a defendant. *Krankel*, 102 Ill.2d at 189; *Moore*, 207 Ill.2d at 79. Accordingly, at the very least, the trial court was required to have some sort of interchange with Washup or trial counsel on the matter. On appeal, where no such investigation occurred as in the present case, the case must be remanded to the trial court for that purpose. *Gilmore*, 356 Ill. App. 3d at 1037; *Whirl*, 351 Ill. App. 3d at 469.

Therefore, the trial court had a duty to conduct a preliminary investigation into Washup's allegations of inadequate defense from counsel. Consequently, because the judge did not follow the required procedure when a defendant makes a claim against his attorney, this cause must be remanded for an inquiry into Washup's allegation.

## CONCLUSION

For the foregoing reasons, J.B. Washup, Sr., Defendant-Appellant, respectfully requests

that this Court remand this cause to the trial court for an inquiry into Washup's allegation of

inadequate defense.


Respectfully submitted,


MICHAEL J. PELLETIER
Deputy Defender

*Therese Bissell*

THERESE BISSELL
Assistant Appellate Defender
Office of the State Appellate Defender
203 North LaSalle Street - 24th Floor
Chicago, Illinois 60601
(312) 814-5472

COUNSEL FOR DEFENDANT-APPELLANT

-15-

## **APPENDIX TO THE BRIEF**

Index to the Record . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1

Judgment Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-3

Notice of Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-4

## INDEX TO THE RECORD

### Common Law Record ("C")                                                    Page

Memorandum of Orders ("Half Sheet") . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Arrest Report (November 10, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Complaint for Preliminary Examination (November 10, 2004) . . . . . . . . . . . . . . . . . . . . . . . 6

Information (November 24, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Appearance (November 9, 2004 ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

State's Motion for Discovery (January 14, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

State's Answer to Discovery (January 14, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Jury Waiver Form Signed (May 26, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Defendant's Motion for Discovery (January 27, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Sentencing Order (May 26, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Order for Defendant to Submit Blood Specimens to the Illinois Department of State Police for
Genetic Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Notice of Appeal (June 29, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

### Supplemental Record ("SR")

Defendant's Motion for Reduction of Sentence (May 26, 2005) . . . . . . . . . . . . . . . . . . . . . . 5

### Report of Proceedings ("R")

|                                          | Direct | Cross | Redir. | Recr. |      |
| ---------------------------------------- | ------ | ----- | ------ | ----- | ---- |
| December 7, 2004 - Continuance           |        |       |        |       | A-5  |
| January 28, 2005 - Continuance           |        |       |        |       | C-3  |
| March 8, 2005 - Continuance              |        |       |        |       | D-4  |
| April 4, 2005 - Continuance              |        |       |        |       | E-3  |
| May 26, 2005                             |        |       |        |       |      |
| **Bench Trial**                          |        |       |        |       |      |
| Jury Waiver Signed                       |        |       |        |       | F-5  |
| State Witnesses                          |        |       |        |       |      |

A-1

| | | **Direct** | **Cross** | **Redir.** | **Recr.** |
|---|---|---|---|---|---|
| | Robert Foreman | F-7 | F-16 | F-20 | |
| | Freddy Davis | F-22 | F-31 | | |
| | Officer Reginald Sims | F-40 | F-47 | F-52 | |

State Rests                                                                                    F-53

Motion for Directed Finding - Denied                                                           F-53

Stipulation                                                                                    F-53

Defense Rests                                                                                   F-54

Closing Arguments

    Ms. Boughton ( Defense)                                                 F-57

    Mr. Hitt (State)                                                        F-61

Finding of Guilt                                                                               F-78

IN THE CIRCUIT COURT OF COOK COUNTY

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | CASE NUMBER    04CR2843301 |
| V. | ) | DATE OF BIRTH  02/04/65 |
| JB    WASHUP | ) | DATE OF ARREST  11/09/04 |
| defendant | ) | IR NUMBER 0647311    SID NUMBER 02464 |

ORDER OF COMMITMENT AND SENTENCE TO
ILLINOIS DEPARTMENT OF CORRECTIONS
=======================================

The above named defendant having been adjudged guilty of the offense(s) enumera
hereby sentenced to the Illinois Department of Corrections as follows:

| Statutory Citation | Offense | | Sentence |
|---|---|---|---|
| 720-5/19-1(a) | BURGLARY | | |
| and said sentence shall run concurrent with count(s) | | | YRS. 009  MOS.00 |
| and said sentence shall run (concurrent with) (consecutive to) the sentence imposed on: | | | YRS.____ MOS.____ |
| and said sentence shall run (concurrent with) (consecutive to) the sentence imposed on: | | | YRS.____ MOS.____ |
| and said sentence shall run (concurrent with) (consecutive to) the sentence imposed on: | | | YRS.____ MOS.____ |
| and said sentence shall run (concurrent with) (consecutive to) the sentence imposed on: | | | YRS.____ MOS.____ |

On Count ____ defendant having been convicted of a class ___ offense is sentenced
es x offender pursuant TO 730 ILCS 5/5-5-3(C)(8).

On Count ____ defendant is sentenced to an extended term pursuant to 730 ILCS 5/5-8

The Court finds that the defendant is entitled to receive credit for time actually
tody for a total credit of 0199 days as of the date of this order

T IS FURTHER ORDERED that the above sentence(s) be concurrent with
tence imposed in case number(s) _____
nsecutive to the sentence imposed under case number(s)

T IS FURTHER ORDERED THAT MITTIMUS TO ISSUE

S FURTHER ORDERED that the Clerk provide the Sheriff of Cook County with a copy of this Order and that the Sher
efendant into custody and deliver him/her to the Illinois Department of Corrections and that the Department take
to custody and confine him/her in a manner provided by law until the above sentence is fulfilled.

MAY 26, 2005

ENTER: 05/26/0_

TIED BY  ( (L)GORDON
DEPUTY CLERK
26/05 13:11:56

JUDGE: SACKS, STANLEY J.

1531

In the Circuit Court of the _CRiMiNAl DiViSioN_ Judicial Circuit
_COURT OF COOK_ County, Illinois
(Or in the Circuit Court of Cook County).

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS | ) ) ) ) |
| v. | ) |
| _J.B. WASHUP Sr_ | ) ) ) ) |
| Defendant/Appellant | |

No. _O4CR2843301_

**FILED**

JUN 2 9 2005

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Notice of Appeal

An appeal is taken from the order or judgment described below:

(1) Court to which appeal is taken:
_APPellAtc COUrts_
_First District 160 N. LASalle St. Chicago Ill. 60601_

(2) Name of appellant and address to which notices shall be sent:
Name: _First District_
Address: _160 N. LASalle Street Chicago Ill. 60601_

(3) Name and address of appellant's attorney on appeal:
Name: _____
Address: _____
If appellant is indigent and has no attorney, does he want one appointed?
_Yes Need Attorney. A APPellAte AttoRNey_

(4) Date of judgment or order: _MAy 26, 2005_

(5) Offense of which convicted: _BuRGLARy_

(6) Sentence: _9 - Years_

(7) If appeal is not from a conviction, nature of order appealed from:
_ON this PreseNt CASe._

Signed _J.B. Washup Sr_
(May be signed by appellant, attorney for appellant, or clerk of circuit court)

Revised Feb 2002

No. 1-05-2202

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| -vs- | ) | No. 04 CR 28433. |
| | ) | |
| J.B. WASHUP, SR., | ) | Honorable |
| | ) | Stanley J. Sacks, |
| Defendant-Appellant. | ) | Judge Presiding. |

## PROOF OF SERVICE

TO:    Richard A. Devine                    Mr. J.B. Washup, Sr.
       Cook County State's Attorney         Register No. B-60369
       300 Daley Center                     Hill Correctional Center
       Chicago, Illinois  60602             P. O. Box 1700
                                            Galesburg, IL 61401


You are hereby notified that on July 26, 2006, we personally delivered nine copies of the Brief and Argument in the above-entitled cause to the Clerk of the above Court, and personally delivered three copies to the State's Attorney of Cook County.

_Therese Bissell_
THERESE BISSELL
Assistant Appellate Defender

STATE OF ILLINOIS  )
                   ) SS
COUNTY OF COOK     )

       The undersigned, being first duly sworn on oath, deposes and says that he personally delivered the required number of copies of the attached Brief and Argument to the Clerk of the above Court and to the State's Attorney of Cook County on July 26, 2006.

CLERK

SUBSCRIBED AND SWORN TO BEFORE ME
on July 26, 2006.

NOTARY PUBLIC

NO. 1-05-2202

IN THE SUPREME COURT OF THE STATE OF ILLINOIS

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS,<br><br>        Plaintiff-Appellee, | ) Late Petition For Leave To Appeal From The<br>) Appellate Court Of Illinois, FiRST District.<br>) Appeal No. 1-05-2202<br>)<br>) |
| -vs-<br><br>J.B. WASHUP, SR<br><br>DEFENDANT-APPELLANT) | ) There Heard On Appeal From The Circuit Court<br>) For the CRiMiNAL Judicial Circuit, COOK<br>) COUNTY, ILLINOIS. Case No. 04CR28433<br>)   Honorable<br>Judge Presiding STANLE J SACKS |

NOTICE OF FILING

TO: Office of the states Attorney

TO: Attorney General of the State of Illinois, Appeals Division.
100 West Randolph St. 12th Floor
Chicago, Illinois 60601

PLEASE TAKE NOTICE that on or sometime before the 25th day of MAY, 2007, I shall file with the clerk of the Supreme Court of Illinois, the attached Motion For Leave to file a Late Petition For Leave To Appeal, and Late Petition For Leave To Appeal.

A copy of which is hereby served upon you.

STATE OF ILLINOIS )
            ) SS:
COUNTY OF PERRY )

BY: J.B WASHUP, SR

Reg. No B-60369
P.O. Box 999
Pinckneyville, Illinois 62274

AFFIDAVIT OF SERVICE

I, J.B. WASHUP, SR, being first duly sworn on oath deposes and state that I served a true copy of the attached Motion For Leave to File a Late Petition For Leave to Appeal and Late Petition For Leave to Appeal. upon the above party(s) by placing said copies in the United States Postal Service Mail Box at Pinckneyville Correctional Center, In Pinckneyville, Illinois on the 25th day of MAY, 2007.

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 25th DAY OF May, 2007.

NOTARY PUBLIC

"OFFICIAL SEAL"
Donna Heidemann
Notary Public, State of Illinois
My Commission Exp. 01/20/2008

/S/ J.B. Washup Sr
AFFIANT

EXHIBIT C

No. *1-05-2202*

IN THE SUPREME COURT OF THE STATE OF ILLINOIS

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS,<br><br>        Plaintiff-Appellee, | ) Late Petition For Leave To Appeal From The<br>) Appellate Court Of Illinois *FiRST*<br>) District. Appeal No. *1-05-2202*<br>)<br>) |
| | ) There Heard On Appeal From The Circuit<br>) Court For The *CRiMiNAL* Judicial Circuit,<br>) *COOK* County, Illinois.<br>) Case No. |
|    -VS-<br><br>*J.B. WASHUP, SR* | ) Honorable *STANLEY J SACKS*<br>) Judge Presiding. |
|        Defendant-Appellant. | |

MOTION FOR LEAVE TO FILE THE ATTACHED

LATE PETITION FOR LEAVE TO APPEAL

    NOW COMES *J.B. WASHUP, SR*, Defendant-Appellant, pro se,

pursuant to Supreme Court Rule 315 (b), and respectfully request this Honorable

Court to grant him leave to file the attached Late Petition For Leave To Appeal.


    An affidavit in support of this Motion is attached hereto .


                     Respectfully Submitted,

                     *J.B. WASHUP, SR*

                     Reg. No. *B-60369*
                     P.O. Box 999
                     Pinckneyville, Illinois 62274

SUBSCRIBED AND SWORN TO BEFORE ME

THIS *25th* DAY OF *May* ,200*7*.

NOTARY PUBLIC

"OFFICIAL SEAL"
Donna Heidemann
Notary Public, State of Illinois
My Commission Exp. 01/20/2008

STATE OF ILLINOIS )

) SS:

COUNTY OF PERRY )

AFFIDAVIT

1, ___J. B. WASHUP, SR___, Defendant-Appellant, being first duly

sworn on oath deposes and says:

1. I am the Defendant-Appellant in this cause ( Indictment No. __04 CR 28433__

2. I was convicted of __BURLARY : CLASS - 2__ on

the date of __MAY 26, 2005__ by judge __STANIey J. SACKS__.

3. The reasons that I did not file a timely petition for leave to appeal within

the prescribe time for filing are: __The Correction Center, that I'm At__
__WAS On A Level-1 lock down, and I WAS not able to get to__
__the Law Library to get A Petition for Leave to Appeal.__
__So in no way was it my fault or Culpable Negligence__
__It Also took me time to get law Clerk here to notarize my__
__Petition. And they only aloud A visit to the Library once A week.__

4. The delay in filing the petition for leave to appeal is not attributable
to Defendant-Appellant's culpable negligence.

5. I believe I have meritorious claims base upon the following issue(s):

__1. There wasn't enough evidence to convict me__
__2. I wasn't Read my MiRanda Upon arrest which violated__
__my 5th Amendment Constitution right.__
__3. There were inadequate deffense from my counsel__

6. Defendant-Appellant does declare and affirm that all facts stated in the
attached motion and in this affidavit are true and accurate to the best of his
knowledge and belief.

_J.B. Washup Sr_
APPELLANT/PRO SE

SUBSCRIBED AND SWORN TO BEFORE ME

THIS 25ᵗʰ DAY OF __May__ , 200T.

_Donna Heideman_
NOTARY PUBLIC

"OFFICIAL SEAL"
Donna Heidemann
Notary Public, State of Illinois
My Commission Exp 01/20/2008

NO. *1-05-2202*

IN THE SUPREME COURT OF THE STATE OF ILLINOIS

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Late Petition For Leave to Appeal From The |
| | ) | Appellate Court Of Illinois, *First* |
| Plaintiff-Appellee, | ) | Judicial District, Appeal NO. *1-05-2202* |
| | ) | |
| | ) | |
| | ) | |
| | ) | There Heard On Appeal From The Circuit Court |
| | ) | For The *Criminal* Judicial Circuit, *Cook* |
| | ) | *County*, Illinois, case no. *04CR28455* |
| -vs- | ) | |
| | ) | |
| *J. B. WASHUP, SR* | ) | |
| | ) | The Honorable |
| | ) | *Stanley J. Sacks* |
| | ) | Judge, Presiding. |
| Defendant-Appellant, Pro-Se | ) | |

LATE PETITION FOR LEAVE TO APPEAL

TO THE HONORABLE JUSTICE OF THE SUPREME COURT OF THE STATE OF ILLINOIS:

May it please the Court:

I.

PRAYER FOR LATE LEAVE TO APPPEAL

Your Petitioner, *J. B. WASHUP, SR* , Pro-se, respectfully

petitions this Honorable Court for late leave to Appeal pursuant to Supreme

Court Rule 315, from the judgment of the Appellate Court of Illinois, *First* ,

Judicial District, which affirmed the judgment of conviction entered by Circuit

Court of *COOK* , County, Illinois, upon the *VERDICT* ,

Finding petitioner guilty of *BURGLARY* .

II.

OPINION AND PROCEEDINGS BELOW

On ___MAY   26,___, ___2005___, Petitioner was found
guilty of ___BURGLARY_____, or pled guilty to,_____
_____. Petitioner was subsequently sentenced to a
prison term of ___9-years___. Petitioner appealed this conviction
to the Illinois Appellate Court, _First Judicial District_. On _6-22-05_,
Petitioner's conviction and sentence was affirmed by the Appellate Court.
No petition for rehearing was filed.

A letter of intent to file a petition for leave to appeal was filed, _5-25-07_.

Points Relied Upon For Reversal: III.

A. Ineffective assistance from trial counsel

B. There WASN'T enough evidence to convict me.
   There was insufficient evidence in my case.

C. I wasn't read my Miranda upon arrest which
   Violated my 5th Admendment Constitution right

D. My 6th, 8th, 14th, Admendments was Violated, my Due process
   and equal protection.
   My counsel did not confer with me, nor did she investigate my
   case and she failed to interview my witnesses or call them

E. The witness the State, Had stated in court that he did not
   See the defendant face, nor did he seen him go in the Building
   None of the evidence was presented at trial. No screwdrivers
   wasn't presented, nor were there any green camouflage Jacket
   presented. Not even a Television. Also there was no signed statement
   OR Recorded statements of the defendant saying anything

# STATEMENT OF FACTS   IV.

My Counsel Give POOR Representation in My
case at trial.

She did not investigate my case,
so I could of had a adequate deffense at trial

She also failed to interview witnesses, OR call them.

And the court was aware that the deffense
counsel faced prosecution from the State.

She also did not know how to file A P.S.I,

A Pre-Sentence Investigation.

She also stated that in my ▓▓▓ trial transcripts
F-72, (2)

Witness of the State testify that he did not see the individual face
nor did he see the individual, go in OR come out of the place
See Page F-35 line 23, 24, 25 in my trial transcript and Page 33
line 12, 13, 14, 15

ARGUMENT V.

My Counsel Give ineffective assistance At my trial.
Pursuant to People V KRANKel, 102 Ill. 2d 181 (1984).

My Counsel WASN'T prepared to handle my Case
She never conducted Any investigation in my Case
Nor did she interview Any witnesses
PURSUANT to SANCHEZ, 329 Ill. App. 3d At 66-67.
IF would look At my Court transcript on this
CAse you would See where she told the Judge
that she did not Know how to File A P.S.I
A Pre-Sentence INVestigation in my
transcript on Page F-72 line-2 is this statement
I Appeal to my Judge Honorble STANLEY J. SACKS along with
A Reduction of Sentence: due to the negligence
of my Attorney.
She never asked the State what physical evidence
could they produce, OR where Are Any evidence.
I my trial transcript you would See they had A witness
who saw Nothing, Stating he saw the back of A person
From his window. But he never saw the persons FACE
I would argue as much as my statements would
aloud. But the truth of the matter is; I wouldn't of
been if my attorney would of done At least a good Job
Not investigating my case, and caring me straight
in trial was not right. Which I Felt had
Violate 5th, 8th, and 14th admendments
my Due Process and EQUAL Protection:
No person shall be deprived of life, liberty OR property without
due process of law NoR be denied the equal protection
of the law.
This CAse Should Be REVERSED. OR At Least MODIFIED
See People V. Peacock, 351 Ill. App. 3d 896, 853 N.E. 2d 896
(4th Dist. 2005)

VI.

WHEREFORE, the petitioner respectfully requests that this Honorable Court

grant his petition for leave to appeal and reversal his conviction.

RESPECTFULLY SUBMITTED,

_J. B. WASHUP, SR_
YOUR NAME, PRO-SE
REG. No. _B-60369_
P.O. Box 9999
Pinckneyville Illinois 62274

104763                    **SUPREME COURT OF ILLINOIS**
                            **CLERK OF THE COURT**
                          SUPREME COURT BUILDING
                          SPRINGFIELD, ILLINOIS 62701
                               (217) 782-2035

                          September 26, 2007


    Hon. Lisa Madigan
    Attorney General, Criminal Appeals Div.
    100 West Randolph St., 12th Floor
    Chicago, IL 60601

    No. 104763 - People State of Illinois, respondent, v. J.B.
                 Washup, Sr., petitioner.  Leave to appeal,
                 Appellate Court, First District.


        The Supreme Court today DENIED the petition for leave to

    appeal in the above entitled cause.


        The mandate of this Court will issue to the Appellate Court

    on November 1, 2007.

EXHIBIT D