IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

MAR 2 7 2008
Mar 27, 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA
ex rel. J.B. WASHUP,SR.
Petitioner,

vs.

DANIEL AUSTIN, WARDEN
PINCKNEYVILLE CORR. CENTER
Respondent.

07 C 6208

**PETITIONER'S RESPONSE TO MOTION TO DISMISS**

NOW COMES, petitioner **J.B. WASHUP,SR**pro se, answering respondents **MOTION TO DISMISS**, his **Habeas Corpus relief petition filed per 28 USC § 2254**, and states as follows:

1. Petitioner ADMITS as true.

2. Petitioner ADMITS As true.

3. Petitioner ADMITS as true.

4. Petitioner ADMITS as true.

5. Petitioner ADMITS as true.

6. Petitioner ADMITS as true.

7. Petitioner ADMITS as true.

**THE INSTANT PETITION CONTAINS UNEXHAUSTED CLAIMS**

8. Petitioner ADMITS as accurate the case law and supporting contentions.

9. Petitioner Concedes as factually accurate

10. Petitioner ADMITS that he has until **June 26,2008,** during which time to file a State postconviction petition for relief, so that the instant unexhausted claims can be procedurally exhausted now that these matters have been brought to his attention and notice, thereby satifsfying the strictures of applicable case law. **O'Sullivan v. Boerckel - 526 U.S.838,845 (1999)**

11. Petitioenr recognizes and respectfully moves to WithDraw [redacted] this mixed petition without prejudice, especially in light of the erroneous legal advice that he was given by the State Appellate defender to the contrary, regarding his needing to exhaust issues attached to the Ineffective assistance of counsel claim. Rather, it now appears that counsel had a conflict of interest, where knowingly a(any) investigation into appellate performance would directly bring into question the competency of said appellate defender and office. Hence, I did not know until now that I need to fully exhaust all claims other than the **SIXTH AMENDMENT(VI)** ineffective assistance of counsel claim prior to raising same before the Federal Court through a Habeas corpus petition.

12. Petitioner will file a **timely State court** post-conviciton petition, so as not to run afoul of his statutory limitations period, **per 28 U.S.C.§2244(d)(1)(A).**

## CONCLUSION

**Petitioner J.B. WASHUP,** respectfully prays for LEAVE to WithDraw [redacted] instant Habeas corpus petition OR [redacted] to be granted a " **Stay and Abeyance"** as this Honorable Court deems fair and equitable.

J.B. Washup Sr

J.B. Washup,SR.

SD428
SD428
SD428

IN THE
United State District Court
Northen District of Illinois

J. B. WASHUP, SR
Plaintiff,

v.

DANIEL L. AUSTIN
Defendant

Case No. 07 C 6208

**PROOF/CERTIFICATE OF SERVICE**

TO: Eric W. Truett
Assistant Attorney General
100 W. Randolph Street 12th Floor
Chicago Illinois 60601-3218

TO: Michael W. Dobbin Clerk
United States District Court
219 South Dearborn Street
Chicago Illinois 60604

PLEASE TAKE NOTICE that on MARCH 20, 2008, I have placed the documents listed below in the institutional mail at Pinckneyville Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: Petitioner's Response to Motion to Dismiss.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 3-20-08

/s/ J.B. Washup Sr
NAME: J.B. WASHUP SR
IDOC#: B-60369
Pinckneyville Correctional Center
P.O. BOX 999
Pinckneyville, IL 62274